972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Joseph MAYER, Plaintiff-Appellant,
v.
C. Diane BISHOP, Supt. Public Instruction; Natalio Sabl;
Dan W. Rehurch; Neal Diltz; Gay Hollis; Becky
Haugen, et al., Defendants-Appellees.
 No. 91-16465.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Mayer, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action prior to service of process. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 We construe the district court's dismissal of Mayer's complaint prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Mayer alleges that he was fired from his prison job and suspended from vocational school without due process. He also alleges that unqualified teachers taught at the vocational school, he did not receive proper credit hours, and prison officials were involved in fraud regarding federal educational grants. He alleges that his rights under the eighth and fourteenth amendments were violated.
 
 
 6
 In general, a prisoner has no constitutional right to education or employment. Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir.1985); Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982). Thus, Mayer's claim that denial of employment and education privileges violated the eighth amendment has no arguable basis in law. See Neitzke, 490 U.S. at 325.
 
 
 7
 In order to state a due process claim, Mayer must show that a constitutionally protected liberty interest is implicated. Baumann, 754 F.2d at 843. "A state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Baumann, 754 F.2d at 844 (citing Hewitt v. Helms, 459 U.S. 460, 470-71 (1983)). A protected liberty interest may be created by state statutes, administrative regulations, or published prison policy rules and regulations. Id. The statute or regulation must use specific, mandatory language. Id.; see Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 11-12 (1979). "Particularized standards or criteria" must curtail the discretion of the decision makers. Olim v. Wakinekona, 461 U.S. 238, 249 (1983).
 
 
 8
 Here, it does not appear that Arizona has created a liberty interest in employment or education programs for prisoners. See Baumann, 754 F.2d at 845; Ariz.Rev.Stat.Ann. § 31.251. Section 31.251 uses no mandatory language and leaves employment of prisoners to the discretion of prison officials. See Olim, 461 U.S. at 249. Further, the statute which governed educational rehabilitation of prisoners has been repealed. See Ariz.Rev.Stat. §§ 31.501-31.503 (repealed 1987). Thus, Mayer's due process claim has no arguable basis in law. See Neitzke, 490 U.S. at 325.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3